**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| I.G.I., *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 25-3898 |
| KRISTI NOEM, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff I.G.I. ("Elias"), a minor, and his father ("Marcos") bring this suit against United States government officials in their official capacities to challenge Elias's removal from the United States to Guatemala.  See ECF No. 1 (Compl.).  Plaintiffs allege statutory and constitutional violations by Defendants, including due-process violations.  Id., ¶¶ 1–2.  They simultaneously filed a Motion to Proceed Under Pseudonym.  See ECF No. 2 (Mot. Pseudo).  Plaintiffs have made a sufficient showing to warrant proceeding pseudonymously, so the Court will grant the Motion.  See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine ... motion[s] to file a pseudonymous complaint").

I.    **Legal Standard**

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal

<u>Found. v. U.S. Sentencing Comm'n</u>, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  <u>In re Sealed Case</u>, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  <u>Id.</u> (quoting <u>In re Sealed Case</u>, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

<u>Id.</u> at 326–27 (quoting <u>In re Sealed Case</u>, 931 F.3d at 97) (first alteration in original).

## II.    Analysis

Plaintiffs note at the outset that Elias, a minor, is already entitled to proceed under his initials only.  <u>See</u> Mot. Pseudo at 4; Fed. R. Civ. P. 5.2(a)(3).  They contend, however, that the combination of Elias's initials and his father's real name would make Elias easily identifiable and threaten his confidentiality.  <u>See</u> Mot. Pseudo at 4.  As the pseudonyms of both Elias and Marcos protect Elias's interests while his claims are litigated, the Court will analyze together the propriety of both Plaintiffs proceeding pseudonymously.

First, the Complaint concerns the type of "sensitive and highly personal information" this Court has long seen fit to protect through pseudonymity. In re Sealed Case, 971 F.3d at 327. Plaintiff references severe physical abuse and neglect by a family member in Guatemala, see Compl., ¶ 32, conditions that are relevant to his immigration status and the underlying merits of his improper-removal claim. Id. ¶¶ 33–38. The allegations of child abuse and their lasting mental effects on Plaintiff are "obviously sensitive and personal." Doe v. Roman Catholic Diocese of Greensburg, 2021 WL 12137383, at *6 (D.D.C. Feb. 12, 2021). While Plaintiff's underlying claim concerns his allegedly improper removal, not past abuse, he points out that the details of his abuse guided the "findings" underlying the "decisions" government officials made about his immigration status in the United States. See Mot. Pseudo at 5. At this early stage, the Court finds that this factor weighs in favor of pseudonymity given the high likelihood that deeply personal information about the abuse Plaintiff suffered may surface during this litigation.

The second factor weighs slightly in favor of pseudonymity. This factor considers whether plaintiffs face a "risk of retaliatory physical or mental harm" from disclosure, In re Sealed Case, 971 F.3d at 326, and is strongest when plaintiffs identify particular, concrete threats. J.K.A. v. United States, No. 23-2273, ECF No 7 (Mem. Op.) at 3–4 (D.D.C. Aug. 10, 2023). Elias alleges no specific retaliatory threats, hinging his argument instead on the risk of mental harm from publicity surrounding his past abuse and current immigration ordeal and the general rise of anti-immigration rhetoric. See Mot. Pseudo at 7–9. While Plaintiff's allegations regarding the latter concern lack particularity, he provides a detailed account of his ongoing mental-health struggles and their acceleration after his removal by the Government. See Compl., ¶¶ 35–36, 43, 45. Faced with the possibility that ongoing proceedings could "exacerbate any

psychological issues the plaintiff is currently experiencing," the Court finds that this factor tips

towards pseudonymity.  See, e.g., Doe v. Cabrera, 307 F.R.D. 1, 7 (D.D.C. 2014).

The third factor squarely supports pseudonymity.  That factor favors pseudonymity when

the privacy interests or safety of a minor are implicated — even for adult plaintiffs whose

identities are intertwined with their children's.  See, e.g., Doe v. Blinken, No. 23-2997, ECF No.

3 (Mem. Op.) at 4 (D.D.C. Oct. 13, 2023) ("To the extent that revealing Plaintiff's identity would

also reveal the identities of his four minor children, proceeding pseudonymously would be

appropriate."); J. v. District of Columbia, No. 23-1279, ECF No. 3 (Mem. Op.) at 4 (D.D.C. May

9, 2023) (factor favored pseudonymity; "although Plaintiffs are adults, they share common

privacy interests with their minor child due to their intractably linked relationship") (cleaned up).

Here, Plaintiffs seek to vindicate the rights of a minor (Elias) and litigate where that minor can

lawfully reside.  The third factor thus weighs strongly in favor of pseudonymity.

The fourth and fifth factors, taken together, also favor pseudonymity.  Those factors

consider the defendant's identity and any potential prejudice from a plaintiff's pseudonymity.  In

re Sealed Case, 971 F.3d at 326–27.  Here, Defendants are government officials sued in their

official capacities.  See Compl. at ECF p. 1. This Court has held that defendants' reputational

concerns are reduced when they are sued solely in their role as government officials because any

wrongdoing is unlikely to be attributed to them personally.  See, e.g., J.W. v. District of

Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) ("[A]nonymous litigation is more acceptable

when the defendant is a governmental body because government defendants 'do not share the

concerns about "reputation" that private individuals have when they are publicly charged with

wrongdoing.'") (citation omitted).  The public interest in litigation against the government is

further reduced where, as here, a plaintiff seeks individualized, rather than programmatic, relief.

See <u>Doe v. Blinken</u>, No. 24-1629, ECF No. 3 (Mem. Op.), at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant, . . . the fourth factor favors pseudonymity.") (citation omitted).  Elias alleges violations arising from his own detention and removal, and he seeks individualized remedies.  <u>See</u> Compl. at ECF p. 21.  Where a plaintiff seeks "to vindicate merely <u>his</u> individual right," pseudonymity is warranted.  <u>T.F. v. District of Columbia</u>, No. 23-3612, ECF No. 4 (Mem. Op.) at 4 (D.D.C. Dec. 7, 2023).  Nor is the fifth factor, prejudice to Defendants, at play here: Plaintiffs have agreed to reveal their true names to Defendants under seal.  <u>See</u> Mot. Pseudo at 10.  This Court has repeatedly held that the fifth factor is "not implicated" under such circumstances.  <u>In re Sealed Case</u>, 971 F.3d at 326 n.1; <u>see</u> <u>R.A. v. Islamic Republic of Iran</u>, No. 23-2606, ECF No. 4 (Mem. Op.) at 5 (D.D.C. Sept. 12, 2023) (fifth factor supports pseudonymity because "[w]hile this is not a case in which Defendant knows their identities already, Plaintiffs have offered to disclose them under seal and have not asked to do so *ex parte*").

For the foregoing reasons, the Court finds that all five factors support pseudonymity in this case.  It accordingly ORDERS that:

1. Plaintiffs' [2] Motion for Leave to File Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs shall file:

    i.  A pseudonymous version of their [2] Motion and any attachments as a Notice to the Court on the public docket; and

    ii.    A sealed declaration containing their real names and residential addresses.


*/s/ James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  November 18, 2025