IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| I.G.I., a minor, by and through his next friend and father, M.G.L.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY JR., in his official capacity as Secretary of Health and Human Services; JOSEPH B. EDLOW, in his official capacity as Director of U.S. Citizenship and Immigration Services (USCIS); TODD LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement (ICE); KENNETH GENALO, in his official capacity as Acting Executive Associate Director, ICE Enforcement and Removal Operations; and SCOTT LADWIG, in his official capacity as Acting Director, ICE New Orleans Field Office,<br><br>　　　　Defendants. | Case No. 1:25-cv-3898 |

**PLAINTIFF'S MOTION TO REQUEST LIVE TESTIMONY
PURSUANT TO LCvR 65.1(d)**

　　Plaintiff I.G.I. ("Elias"), by and through his undersigned counsel and pursuant to LCvR 65.1(d), respectfully requests to present live testimony and cross-examine an affiant during the hearing on his Motion for Preliminary Injunction (ECF No. 10), currently scheduled for December 8, 2025 at 2:00 p.m. The list of witnesses to be examined and estimate of the time required is below.

| Name of Witness | Estimate of Time Required |
|---|---|
| Elias (Plaintiff) | 10 minutes |
| Marcos (Plaintiff) | 10 minutes |

- 1 -

| | |
|---|---|
| Andrew D. Beck (Supervisory Detention and Deportation Officer for ERO at the New Orleans, Louisiana (LA) Field Office) | 30 minutes |

Should testimony be required, Marcos and Elias will be appearing telephonically, as they are presently in Guatemala, unable to travel, and lack reliable access to internet to facilitate a videoconference. Because Elias and Marcos speak Spanish, the presence and assistance of a translator is requested. Because Mr. Beck is in Louisiana, his testimony may also be via telephone.

Elias recognizes that the "practice in this jurisdiction is to decide preliminary injunction motions without live testimony where possible." LCvR 65.1(d). In this case, live testimony is only necessary if the Court is both (1) inclined to credit the statements in declaration of Andrew D. Beck, ECF No. 32-1, about what Marcos told ICE agents, and (2) believes the issue of whether Marcos consented and/or requested for Elias to accompany him to Guatemala is relevant to this Court's ruling on Elias's Motion for Preliminary Injunction.

Defendants have submitted the declaration of Andrew D. Beck, Supervisory Detention and Deportation Officer for ERO at the New Orleans, Louisiana (LA) Field Office, to support their argument that Elias's deportation was lawful because Elias "accompanied his father at his father's request" to Guatemala, ECF No. 32 at 6—a claim that Elias and his father, Marcos, wholeheartedly dispute. *See* ECF No. 10-9, 10-10. Specifically, Mr. Beck declares that during the period before he was deported, Elias "was and remained in the accompaniment of his father per his father's request to a Deportation Officer, who communicated with the father in Spanish." ECF No. 32-1 ¶ 8. Mr. Beck declares further that Marcos "verbally request[ed] [Elias] accompany him to Guatemala." *Id*. These assertions directly contradict the sworn statements of Marcos and Elias, who both attest that they requested Elias remain in the United States and not be removed to Guatemala. *See* Decl. of "Marcos", ECF No. 10-10, ¶ 26 ("We begged for Elias to be able to call his attorney and stay in the United States, but we were denied."); Decl. of "Elias", ECF No. 10-9, ¶ 37 ("I told the officers again that I didn't want to leave the United States[.]").

Mr. Beck's declaration should not be credited because it is based on multiple layers of hearsay and "innately lacks credibility." *See Coal. for Humane Immigrant Rts. v. U.S. Dep't of*

2

*Homeland Sec.*, 780 F. Supp. 3d 79, 91 (D.D.C. 2025) (declining to credit "hearsay-within-hearsay" at preliminary injunction stage as "a step too far"); *Fed. Trade Comm'n v. CCC Holdings Inc.*, No. CV 08-2043 (RMC), 2009 WL 10631282, at *1 (D.D.C. Jan. 30, 2009) (noting that although the evidentiary standards at the preliminary injunction stage are weakened, double hearsay should not be admitted "because it inherently lacks sufficient indicia of reliability"); *see also* Fed. R. Evid. 803, 805, 807 (hearsay rules); Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Because Mr. Beck was not present when Elias and Marcos were detained and removed from the United States, *see* ECF No. 32-1 ¶¶ 3–8, he lacks any first-hand knowledge of the events described in his declaration. Instead, he relies on "information" obtained from other unidentified sources. *Id.* He does not say how he learned that Elias was removed "per his father's request to a Deportation Officer." *Id.* at ¶ 8. He does not identify which "other ICE employees" he received information from or whether they were involved in Elias's detention and deportation. *Id.* ¶ 3. Nor does he attach any records as exhibits to his declaration. *See generally id.* ¶¶ 3–8. He fails to even identify what "information" he relied on, let alone explain how it was generated and why it should be considered reliable and trustworthy (or why it should fall under any recognized hearsay exception). *See id.* Because Mr. Beck's assertions about what Marcos told ICE is nothing more than unreliable, layered hearsay without any foundation, the Court should give this "evidence" no weight. *See, e.g.*, *CCC Holdings*, 2009 WL 10631282, at *1.

Furthermore, even if the Court was inclined to credit Mr. Beck's assertions about what Marcos told ICE, those assertions should still be disregarded because that issue has no bearing on whether Elias is entitled to preliminary injunctive relief. For, regardless of whether Marcos consented to Elias's removal—which he did not—that did not relieve Defendants of their constitutional and statutory obligations to afford Elias with due process and obtain a lawful removal order before removing him from the United States. *See L.G.M.L. v. Noem*, No. CV 25-2942 (TJK), 2025 WL 2671690, *13 (D.D.C. Sept. 18, 2025) (holding that "just because a reunification follows a removal—or happens as part of the same plan—does not mean that a

removal did not occur" and concluding that "nothing about the word 'reunification' suggests that ORR's duty to 'reunify' an unaccompanied alien child with his parents (if possible) displaces the process that Congress mandated when DHS 'removes' such a child from the United States, even when that removal is a predicate for reunification"). Regardless of the purpose for which Defendants claim to have effectuated his unlawful removal, Elias is still entitled to relief.

Thus, to the extent the Court is inclined to credit these statements in Mr. Beck's declaration and/or it believes that the issue of whether Marcos consented to Elias's removal impacts the outcome of his Motion for Preliminary Injunction, Elias respectfully requests an Order permitting him to testify live, present testimony from his father Marcos, and cross-examine Mr. Beck on the narrow issue of whether Marcos requested that Elias accompany him to Guatemala and consented to his deportation. *See Cobell v. Norton*, 391 F.3d 251, 261 (D.C. Cir. 2004) ("Particularly when a court must make credibility determinations to resolve key factual disputes in favor of the moving party, it is an abuse of discretion for the court to settle the question on the basis of documents alone, without an evidentiary hearing.").

Dated: December 5, 2025.

Respectfully submitted,

**PERKINS COIE LLP**

By: /s/ Emily Drinkwater
    Emily Drinkwater, Bar No. 5742473
    EDrinkwater@perkinscoie.com
    PERKINS COIE LLP
    1155 Avenue of the Americas, 22nd Floor
    New York, New York 10036-2711
    Telephone: +1.212.262.6900
    Facsimile:  +1.212.977.1649

    Margaret Ann McCallister, Bar No. 90027109
    MMcCallister@perkinscoie.com
    PERKINS COIE LLP
    700 Thirteenth Street, N.W., Suite 800
    Washington, D.C. 20005-3960
    Telephone: +1.202.654.6200
    Facsimile:  +1.202.654.6211

5

        Ruben Tyler Kendrick, Bar No. 55094
RKendrick@perkinscoie.com
PERKINS COIE LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000

Alletta S. Brenner, Bar No. 142844
ABrenner@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile:  +1.503.727.2222

## CERTIFICATE OF SERVICE

I certify that on December 5, 2025, I filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Emily Drinkwater*
Emily Drinkwater

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| I.G.I., a minor, by and through his next friend and father, M.G.L.,<br><br>      Plaintiff,<br><br>    v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY JR., in his official capacity as Secretary of Health and Human Services; JOSEPH B. EDLOW, in his official capacity as Director of U.S. Citizenship and Immigration Services (USCIS); TODD LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement (ICE); KENNETH GENALO, in his official capacity as Acting Executive Associate Director, ICE Enforcement and Removal Operations; and SCOTT LADWIG, in his official capacity as Acting Director, ICE New Orleans Field Office,<br><br>      Defendants. | Case No. 1:25-cv-3898 |

## **[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion to Request Live Testimony Pursuant to LCvR 65.1(d), the Court hereby finds that the Motion is GRANTED.

It is further ORDERED that Plaintiff is allotted ___ minutes to present live testimony from Marcos and Elias during the hearing on Plaintiff's Motion for a Preliminary Injunction (ECF No. 10), which is currently scheduled for 2:00 p.m. on December 8, 2025 (the "Hearing").

It is further ORDERED that Plaintiff shall be permitted to examine Andrew D. Beck during the Hearing for ___ minutes.

It is further ORDERED that the live testimony and examination are limited to the issue of whether Marcos consented to Elias's removal to Guatemala.

Dated: _____   _____
                                   The Honorable Dabney Friedrich
                                   United States District Judge