UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

I.G.I., a minor, and next friend M.G.L.,

Plaintiff,

v.

KRISTI NOEM, Secretary Department of
Homeland Security, et al.,

Defendants.

Civil Action No. 25-3898 (DLF)

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LIVE TESTIMONY

Defendants Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security, Robert F. Kennedy Jr., in his official capacity as Secretary of Health and Human Services, Joseph B. Edlow, in his official capacity as Director of U.S. Citizenship and Immigration Services, Todd Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), Kenneth Genalo, in his official capacity as Acting Executive Associate Director of ICE Enforcement and Removal Operations, and Scott Ladwig, in his official capacity as Acting Director, ICE New Orleans Field Office ("the Defendants"), by and through their undersigned counsel, respectfully submit this opposition to Plaintiff's motion for live testimony (ECF 35). As Defendants previously noted, counsel's failure to follow Local Rule 7(m) is sufficient basis for denying the motion. *See* Defs' Not. of Intent to Oppose (ECF No. 36). In addition to failing to confer, Plaintiff's motion lacks any justification or explanation as to why they failed to confer, nor does it outline any attempts that they made to try to reach counsel for Defendants. Critically, there were none. On these grounds alone the Court can deny the motion.

Notwithstanding this error, the Court should still deny the motion for several additional reasons. As the Local Civil Rules set forth, this District has adopted a practice "to decide

preliminary injunction motions without live testimony where possible." LCvR 65.1(d). While a request must be made 72 hours in advance, the rule specifically contemplates that the Court provide notice of its decision one business before the hearing. *Id*. Plaintiff's decision to file his motion at the 72-hour-and-one-minute mark before the hearing severely prejudices Defendants. The Court would not be able to provide one-business-day's notice as required by the Local Civil Rules, even if the Court were inclined to grant the motion tonight. Adding insult to injury, Plaintiff provides no justification as to why the motion could not have been filed earlier. Indeed, Defendants filed their opposition to the preliminary injunction motion on Tuesday, December 2, 2025 at 4:59 pm. In other words, Plaintiff and his counsel had nearly three full business days with Defendants' opposition and yet waited until quite literally until the last minute permitted by the Local Civil Rules before filing their motion. As noted, this unduly prejudices Defendants and Plaintiff, for his part, has provided no explanation for the delay. Compounding this error, the time left for Defendants to prepare their witness includes two non-business days. Even more so, the witness is not local, and preparing and arranging for the witnesses' appearance on such short notice would significantly impair Defendants' ability to fully prepare for the hearing currently scheduled this coming Monday, December 8, 2025.The Court should not reward such conduct.

Additionally, undue delay and waste of time are bases for denying a request for live testimony. LCvR 65.1(d). Live testimony is not required for the threshold jurisdictional questions that are currently pending before the Court. *See* Defs' Opp'n to Pl's Mot. for Prelim. Inj. at 12-20.

Third, counsel propose that Elias and Marcos appear telephonically for Monday's hearing. Pl's Mot. (ECF 35) at 2. There is no proffer to place either Elias or Marco under oath and how they be sworn to testify under the penalty of perjury while residing in a different country. They fail to tangle with the notions of international law and comity. *See, e.g.*, *Young Women's Christian*

*Ass'n of Nat. Cap. Area, Inc. v. Allstate Ins. Co. of Canada*, Civ. A. No. 94-741 (JHG) (PJA), 1994 WL 661523, at *2 (D.D.C. Nov. 22, 1994) (honoring Quebec's law on how to secure testimony of witnesses).

For the aforementioned reasons, the Court should deny Plaintiff's motion.[1]

Dated: December 4, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:  *s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
NJ Bar No. 270892018
BRENDA GONZÁLEZ HOROWITZ
D.C. Bar No. 1017243
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20530
Main: (202) 252-2500

*Attorneys for the United States of America*

---

[1] If the Court was inclined to order live testimony, Defendants would request that the Court vacate Monday's hearing and permit the parties to offer dates for a new hearing. Defendants' counsel already have other deadlines and obligations set for next week, which were set around the scheduled preliminary injunction hearing. Additionally, Supervisory Detention and Deportation Officer Beck is likely not available for Monday's hearing. Therefore, Defendants need time to coordinate availabilities amongst themselves and the witness and require additional time to prepare the witness. That simply cannot be accomplished by 2:00pm Monday.