IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| I.G.I., a minor, by and through his next friend and father, M.G.L.,<br><br>*Plaintiff*,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY JR., in his official capacity as Secretary of Health and Human Services; JOSEPH B. EDLOW, in his official capacity as Director of U.S. Citizenship and Immigration Services (USCIS); TODD LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement (ICE); KENNETH GENALO, in his official capacity as Acting Executive Associate Director, ICE Enforcement and Removal Operations; and SCOTT LADWIG, in his official capacity as Acting Director, ICE New Orleans Field Office,<br><br>*Defendants*. | Case No. 1:25-cv-3898 |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN
DOCUMENTS IN SUPPORT OF MOTION FOR A
<u>PRELIMINARY INJUNCTION</u>**

Plaintiff Elias, through undersigned counsel, respectfully moves the Court for leave to file two documents in support of his Motion for a Preliminary Injunction under seal pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Civil Rule 5.1(h).[1] While Plaintiff has endeavored to ensure that the remainder of the filings in this case are available to the public with limited

---

[1] Plaintiff, through undersigned counsel, attempted to confer with the Deputy Civil Chief of the U.S. Attorney's Office for the District of Columbia in accordance with Local Civil Rule 7(m), but was unable to do so before filing this Motion due to the ongoing government shutdown.

1

redactions to protect his anonymity, *see* Plaintiff's Motion for Leave to Proceed Under Pseudonym, these particular documents each contain highly confidential information regarding Plaintiff's juvenile court proceedings and mental health records that could not reasonably be protected through mere redactions. Accordingly, he respectfully asks the Court to allow them to be sealed in their entirety.

## LEGAL STANDARD

Although there is a "strong presumption in favor of public access to judicial proceedings," a district court has discretion to allow a party to file documents under seal where it determines that other factors, such as the privacy interest in sensitive personal information, "act to overcome this presumption." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016). The district court's discretion in determining whether to seal documents is "exercised in light of the relevant facts and circumstances of the particular case." *United States v. Harris*, 204 F. Supp. 3d 10, 16 (D.D.C. 2016). In *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), the D.C. Circuit set forth six factors that district courts must consider:

(1) the need for public access to the documents at issue;

(2) the extent of previous public access to the documents;

(3) the fact that someone has objected to disclosure, and the identity of that person;

(4) the strength of any property and privacy interests asserted;

(5) the possibility of prejudice to those opposing disclosure; and

(6) the purposes for which the documents were introduced during the judicial proceedings.

*Hubbard*, 650 F.2d at 317-32l; *see also EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996).

## ARGUMENT

In this case, each of the *Hubbard* factors weighs in favor of allowing Plaintiff to file two documents supporting his Motion for a Preliminary Injunction entirely under seal. The first document is Exhibit 1, a copy of an order issued by the Orleans Parish Juvenile Court, which details the court's basis for finding that Elias cannot be reunified with his mother due to abuse, abandonment, or neglect, and that it is not in his best interest to be returned to Guatemala. This document must be kept confidential under Louisiana law. The second document is a declaration from Elias's social worker, which contains detailed, highly sensitive information about Elias's performance at school and his mental health struggles. Elias's social worker cannot ethically disclose this information, and it could also be used to piece together Elias's identity.

*First*, there is "no need for public access" to the detailed personal information revealed in these two documents. While it is true that public access to court documents is particularly important where, as here, the government is a party, given "the public's right to know what the executive branch is doing," *U.S. v. All Assets Held Bank Julius Baker & Co.*, 520 F. Supp. 3d 71, 81 (D.D.C. 2020), neither of these documents touches on the central issue of the government's unlawful conduct in this case. Instead, they are primarily relevant to the issue of irreparable harm, the fundamental nature of which can be understood through Plaintiff's unsealed filings without the level of detail provided in these confidential documents. Indeed, courts in this District have recognized that there is "minimal public interest in Plaintiff's personal information," *Doe v. United States Immigr. & Customs Enf't*, No. CV 24-617 (JEB), 2024 WL 5483092, at *4 (D.D.C. Mar. 8, 2024), particularly sensitive information regarding medical or mental health issues, *see Hardaway*, 843 F.2d at 980 (noting that "[t]he public has no need for access to documents that describe [plaintiff's] disability" in lawsuit brought against housing authority under Americans with

Disabilities Act, Rehabilitation Act, and Fair Housing Act). This factor therefore weighs in favor of sealing.

*Second*, there has been no previous public access to the information in either of these documents. Indeed, under Louisiana law, the Orleans Parish Juvenile Court's Order, Exhibit 1, may not be publicly disclosed. LA. CHILD. CODE art. 412 (2024) ("Records and reports concerning all matters or proceedings before the juvenile court, except traffic violations, are confidential and shall not be disclosed except as expressly authorized by this Code."). Similarly, the Louisiana Administrative Code provides that social workers credentialed in Louisiana may not disclose client information without prior written consent with strict exceptions not applicable here. LA. ADMIN. CODE tit. 25 § 115(A)-(C). Along the same lines, the National Association of Social Workers (NASW) Code of Ethics indicates that, while social workers may share information with third parties with the client's consent, "[i]n all instances, social workers should disclose the least amount of confidential information necessary to achieve the desired purpose" and "only information that is directly relevant to the purpose for which the disclosure is made should be revealed." NASW Code of Ethics at 1.07 (2021). Here, Elias has made clear that he does not wish the sensitive details of his past struggles to be disclosed outside this litigation, Elias Declaration at ¶ 48, so his social worker cannot ethically share this information with the public. Therefore, the second *Hubbard* factor also weighs in favor of sealing. *See Hardaway*, 204 F. Supp. 3d at 17.

*Third*, "[t]he fact that a party moves to seal the record weighs in favor of the party's motion." *Harris*, 204 F. Supp. 3d at 17. Because Elias is the one who objects to public disclosure and seeks sealing of his confidential juvenile court and mental health records, the third *Hubbard* factor weighs in favor of sealing. *Hardaway*, 843 F.3d at 980 (allowing sealing of medical records and descriptions of plaintiff's disability where plaintiff "objected to their disclosure").

4

*Fourth*, Elias has strong privacy interests in keeping the details of his juvenile court and mental health records from the public. *Hubbard* contemplated that "[v]alid privacy interests might be asserted ..... in documents which reveal the intimate details of individual lives . . . ." 650 F.2d at 324. Both exhibits here do so. The fact that both documents are also expressly protected under state law also indicate "strong privacy interests." *Doe v. Noem*, No. CV 25-769, 2025 WL 958249, at *4 (D.D.C. Mar. 31, 2025). And while it is true that "[w]ith the use of a pseudonym and redaction of [personally identifying information], the property and privacy interests" may be "substantially attenuated," *Doe v. United States Immigr. & Customs Enf't*, 2024 WL 5483092, at *4, this does not account for the fact that, here, (1) both documents are also protected under state law and (2) the social worker's declaration contains so many details about Elias's life and school that even if significantly redacted, it could inadvertently lead to the disclosure of Elias's identity. ███████████████████████████████████████████████████████████████ ██████████████████████ It would be practically impossible to redact his declaration without rendering it meaningless, as sensitive information pervades its entirety. Moreover, it would be difficult to know precisely what information would allow Elias's classmates or teachers, for example, to piece together his identity, making it difficult to isolate the information that should be redacted. *See, e.g. Tobar v. Federal Defenders of the Middle District of Georgia, Inc.*, No. CV 512-416, 2014 WL 12650710, at *2 (M.D. Ga. Feb. 24, 2014) ("Due to the large quantity of highly sensitive information in this exhibit and the impracticality of redaction, there is good cause to restrict access to this exhibit in its entirety."). Accordingly, this factor also weighs toward sealing.

*Fifth*, because Defendants already have access to the Juvenile Court Order at Exhibit 1 (as it was part of Elias's SIJS application) and because Elias is only seeking to limit public disclosure

5

of both exhibits, not seeking to limit disclosure to Defendants, Defendants will suffer no prejudice from these documents being sealed. They "remain fully capable of preparing a defense here and in future litigation, as they retain access to all necessary documents and identifying details under seal. This factor thus weighs in favor of sealing." *Doe v. Noem*, 2025 WL 958249, at *4.

*Sixth*, and finally, "[t]he more relevant [the information] is to the central claims of the litigation, the stronger the presumption of [public access to the information] becomes." *Harris*, 204 F. Supp. 3d at 17-18. Here, as explained *supra*, the documents at issue are relevant to the issue of the irreparable harm Elias is suffering due to his unlawful removal. But the most important take-aways from these documents have been described in the public Complaint and Plaintiff's Motion for a Preliminary Injunction without including the most sensitive details or any details that could lead to Elias's identity being discovered. The minutiae of Elias's past trauma, mental health issues, and treatment is certainly not "essential to Plaintiff['s] case, and thus the public interest is not at its zenith." *Hamen v. Islamic Republic of Iran*, 318 F. Supp. 3d 194, 199 (D.D.C. 2018).

Under the *Hubbard* factors, Elias's substantial privacy interests in protecting the details of his childhood trauma and mental health struggles, particularly where they could lead members of the public to discover his identity, as well as the legally confidential nature of these documents, plainly outweigh the public's need to access Exhibit 1 and the declaration of Elias's social worker.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and allow him to file Exhibit 1 and the declaration of Elias's social worker under seal.

Dated: November 10, 2025

Respectfully submitted,

/s/ *Kerensa Gimre*
Kerensa Gimre (D.C. Bar No. 1780406)
Margaret McCallister (*admission pending*)
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, DC 20005-3960
Telephone: 202.654.6200
Facsimile: 202.654.6211
KGimre@perkinscoie.com
MMcCallister@perkinscoie.com

Emily Drinkwater (*Pro Hac Vice pending*)
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Telephone: 212.262.6900
Facsimile: 212.977.1649
EDrinkwater@perkinscoie.com

R. Tyler Kendrick (*Pro Hac Vice pending*)
PERKINS COIE LLP
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Telephone: 206.359.8000
Facsimile: 206.359.9000
RKendrick@perkinscoie.com

Alletta Brenner (*Pro Hac Vice pending*)
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222
ABrenner@perkinscoie.com

Stephanie Norton (*Pro Hac Vice pending*)*
Bridget Pranzatelli (D.C. Bar No. 90029726)
NATIONAL IMMIGRATION PROJECT
1763 Columbia Road NW, Ste. 175 #896645
Washington, DC 20009
Tel: (504) 940-4777
ellie@nipnlg.org
bridget@nipnlg.org
**Working remotely from Wyoming and admitted in New York only**

>
> Mary Yanik (*Pro Hac Vice fothcoming*)
> Laila Hlass (*Pro Hac Vice pending*)
> TULANE IMMIGRANT RIGHTS CLINIC
> 6329 Freret Street, Suite 130
> New Orleans, LA 70118
> Tel: (504) 865-5153
> myanik@tulane.edu
> lhlass@tulane.edu
>
> Malcolm Lloyd (*Pro Hac Vice pending*)
> Nora Ahmed (*Pro Hac Vice pending*)
> ACLU FOUNDATION OF LOUISIANA
> 1340 Poydras St., Suite 2160
> New Orleans, LA 70112
> Tel: (504) 522-0628
> mlloyd@tulane.edu
> nahmed@tulane.edu
>
> *Attorneys for Plaintiff Elias*

## CERTIFICATE OF SERVICE

I certify that on November 10, 2025, I filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

                                                */s/ Kerensa Gimre*
                                                Kerensa Gimre