IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| I.G.I., a minor, by and through his next friend and father, M.G.L., <br><br>    Plaintiff, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY JR., in his official capacity as Secretary of Health and Human Services; JOSEPH B. EDLOW, in his official capacity as Director of U.S. Citizenship and Immigration Services (USCIS); TODD LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement (ICE); KENNETH GENALO, in his official capacity as Acting Executive Associate Director, ICE Enforcement and Removal Operations; and SCOTT LADWIG, in his official capacity as Acting Director, ICE New Orleans Field Office, <br><br>    Defendants. | Case No. 1:25-cv-3898 |

## PLAINTIFF'S MOTION FOR CLARIFICATION OF DECEMBER 10, 2025 MINUTE ORDER

Plaintiff I.G.I., a minor, by and through his next friend and father, M.G.L., hereby moves for clarification of the Court's December 10, 2025 Minute Order. Specifically, Plaintiff seeks clarification of whether the Minute Order's direction to file a joint status report proposing a "schedule for further proceedings" means proposing a schedule for the entire case, including a discovery plan as set forth in Fed. R. Civ. P. 26(f)(3) thereby contemplating that the parties confer pursuant to Rule 26(f) and discuss the matters set forth in L. Civ. R. 16.3(c) prior to their submission.

-1-

Pursuant to L. Civ. R. 7(m), Plaintiff conferred by email with counsel for Defendants on December 18, 2025 regarding this motion. Defendants' position, as set forth in their response to Plaintiff's December 18, 2025 email, is as follows:

> Our position is that this [motion] is not necessary. Courts routinely request that the parties propose "schedule for further proceedings," and the parties are free to either propose a joint schedule or divergent paths. Recall that when the Court granted our motion to extend the time to file our opposition to the preliminary injunction, which we requested happen concurrently with a motion to dismiss, the Court's order indicated that the Government would file an opposition (and not a combined motion) and that the Court would set a schedule for briefing our forthcoming motion to dismiss after the hearing on the preliminary injunction. *See* Nov. 18, 2025, Min. Order ("MINUTE ORDER granting in part the defendants' 16 Motion for Extension of Time and to Set a Briefing Schedule. It is ORDERED that the defendants shall file an opposition to the plaintiff's 10 Motion for a Preliminary Injunction on or before December 1, 2025; the plaintiff shall file any reply on or before December 5, 2025. A hearing on the preliminary injunction motion is scheduled for December 8, 2025, at 2:00 PM in Courtroom 24A. The Court will set a schedule for further briefing at the hearing."). This is the exact procedural posture in which the parties find themselves.
>
> From our perspective, no further clarity is needed on the Court's order. Moreover, I would point you to the myriad cases in our district (and binding precedent) that state that there is no right to discovery while a dispositive motion is pending. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint that fails to state a plausible claim for relief "does not unlock the doors of discovery"); *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) (Bates, J.) ("[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending" (citing *Anderson v. U.S. Attorney's Off.*, Civ. A. No. 91-2262, 1992 WL 159186, at *1 (D.D.C. Jun. 19, 1992) (staying discovery during pendency of dispositive motion))); *see also Small Bus. in Transp. Coal. v. Dep't of Transp.*, Civ. A. No. 20-0883 (CKK), 2021 WL 7287302, at *1 (D.D.C. Mar. 21, 2021) ("Defendant's motion [to dismiss], if granted, would be dispositive of Plaintiff's claims in this action. Accordingly, the Court finds that it would be inappropriate to allow Plaintiff the discovery it requests while Defendants' motion is pending.")

> This is even more salient when a motion implicates the Court's subject matter jurisdiction. Controlling authorities make clear that a court may not turn to the merits before satisfying itself of jurisdiction. *See, e.g.*, *Searcy v. Smith*, No. 20-7048, 2021 WL 2453044, at *1 (D.C. Cir. Mar. 5, 2021) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction) quoting *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).")));  *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 511 (D.C. Cir. 2018) ("With regard to subject-matter jurisdiction, a court must assure itself of the existence of subject-matter jurisdiction before reaching the merits regardless of whether a party raises a jurisdictional challenge."). Thus, a court lacks authority to command discovery into the merits of a dispute before determining whether jurisdiction exists. *Aland v. Dep't of Interior*, Civ. A. No. 22-5821, 2022 WL 18027569, at *4 (N.D. Ill. Dec. 30, 2022) ("proceeding to merits discovery before subject matter jurisdiction has been litigated raises concerns about overstepping this court's authority" (cleaned up)).
>
> To the extent you wish to strain the Court's resources on a motion to clarify, you are free to do so and note our position above. We intend to send you a draft status report with our proposed schedule for further proceedings; you are free to include your position on a path forward if you disagree with ours. If there is anything we need to confer on after we exchange that draft, we are happy to do so.

Plaintiff's position is that the interest of judicial economy would be better served by this simple request to clarify what the Court meant rather than risk submitting a schedule inconsistent with the Court's intentions. Plaintiff understands that "a district court has wide discretion in managing its discovery process," *Beale v. Dist. of Columbia*, 454 F. Supp. 2d 8, 15 (D.D.C. 2008) (citing *Hussain v. Nicholson*, 435 F.3d 359, 363 (D.C. Cir. 2006)), and believes the Court's Minute Order could be reasonably interpreted as asking the parties to propose a schedule for the entire case. Most of the cases cited by Defendants involve a *pending* dispositive motion, and here it is

unclear what arguments Defendants' anticipated motion will cover and whether resolution of that motion would dispose of all of Plaintiff's claims.

I.   **Procedural Background**

Plaintiff initiated this matter on November 10, 2025, seeking injunctive and declaratory relief following his removal to Guatemala without a final removal order. (*See* Compl., Dkt. No. 1.) That same day, Plaintiff filed a motion for a preliminary injunction. (Pl.'s Mot., Dkt. No. 10.)

The Court held a motion hearing regarding the motion for a preliminary injunction on December 8, 2025. On the following day, on December 9, 2025, the Court issued an oral ruling denying Plaintiff's motion. At the hearing, the Court indicated a preference to move this case forward expeditiously. The minute entry for these proceedings, entered the same day, directs the parties "to confer and propose a schedule moving forward."

Thereafter, on December 10, 2025, the Court entered a formal written order denying Plaintiff's motion for a preliminary injunction, (Order Den. Pl.'s Mot., Dkt. No. 39), and issued a further minute order directing that "the parties shall file on or before December 30, 2025, a joint status report proposing a schedule for further proceedings."

Defendants have not yet responded to the Complaint. They have indicated, however, that they intend to file a motion to dismiss. Plaintiff intends to oppose this motion and consistent with the Court's comments at the December 9 hearing, seeks to move this case forward efficiently and expeditiously.

II.   **Plaintiff Seeks Clarification of the Court's December 10, 2025 Minute Order**

Plaintiff seeks clarification of the Court's December 10, 2025 Minute Order. Plaintiff interprets this Order, together with the Court's statements at the motion hearing, to mean that the Court intends to schedule a Rule 16 conference, and, therefore, wishes the parties to confer regarding a schedule for the case, including conferring on and submitting a discovery plan in

accordance with Rule 26(f). However, Defendants interpret this Order as directing the parties only to submit a schedule for any further briefing and next steps in the litigation, presumably a reference to their anticipated motion to dismiss.

### III.   Conclusion

For the foregoing reasons, Plaintiff respectfully asks the Court to enter an order clarifying whether its December 10, 2025 Minute Order directing the parties to file a joint status report proposing a schedule for further proceedings means a proposal for a schedule for the entire case, including a discovery plan as set forth in Fed. R. Civ. P. 26(f)(3).


Dated: December 19, 2025                              Respectfully submitted,

**PERKINS COIE LLP**

By: */s/ Alletta S. Brenner*

Alletta S. Brenner, Bar No. 142844
ABrenner@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile:  +1.503.727.2222

Ruben Tyler Kendrick, Bar No. 55094
RKendrick@perkinscoie.com
PERKINS COIE LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000

Emily Drinkwater, Bar No. 5742473
EDrinkwater@perkinscoie.com
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile:  +1.212.977.1649

Margaret Ann McCallister, Bar No. 0027109
MMcCallister@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone:     +1.202.654.6200
Facsimile:     +1.202.654.6211

## CERTIFICATE OF SERVICE

I certify that on December 19, 2025, I filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Alletta S. Brenner*
Alletta S. Brenner